

June 2, 2017

**Andrew B. Kay**
Direct Phone   202-912-4864
Direct Fax        202-640-5990
akay@cozen.com

Mr. Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

>   Re:   *Chamber of Commerce of the United States of America, et al. v. United States Department of Labor, et al.*, **Case No. 17-10238**
>   Citation of supplemental authority pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure

Dear Mr. Cayce:

On behalf of amicus curiae Thrivent Financial for Lutherans ("Thrivent"), we write pursuant to Federal Rule of Appellate Procedure 28(j) to advise the Court of the Supreme Court's recent decision in *Kindred Nursing Centers Limited Partnership v. Clark*, 581 U.S. ____, 137 S. Ct. 1421 (2017).

In *Kindred Nursing*, the Supreme Court held that a rule violates the FAA where it "imped[es] the ability of [parties] to enter into arbitration agreements." *Id.* at 1429. The Court explained that "[b]y its terms . . . the [FAA] cares not only about the 'enforce[ment]' of arbitration agreements, but also about their initial 'valid[ity]'—that is, about what it takes to *enter into* them." *Id.* at 1428 (emphasis added). *Kindred Nursing* explains that a rule violates the FAA not just where it affects the enforceability of an arbitration agreement, but also where it creates impediments to parties *entering into* such an agreement. *Id.* at 1427–29. In *either* scenario, the rule "singles out arbitration agreements for disfavored treatment" in violation of the FAA. *Id.* at 1425.

*Kindred Nursing* thus confirms that the district court erred in narrowly limiting the scope of its analysis to questions of enforceability alone. (Thrivent Amicus Br. at 9–14). The district court held that "the BIC Exemption's condition requiring judicial class actions does not violate the FAA because arbitration agreements—including those with class-action waivers—remain enforceable, but do not meet the conditions for relief from the prohibited transaction provisions of ERISA and the Code." (Thrivent Amicus Br. at 9). Similarly, DOL contends that the FAA is not violated because financial institutions can continue to invoke and enforce any arbitration provisions as long as they refrain from engaging in prohibited actions. (Thrivent Amicus Br. at 10). But *Kindred Nursing* confirms that DOL cannot disfavor arbitration and thereby impede parties' ability to enter into arbitration agreements as it has with the BIC Exemption.

Accordingly, *Kindred Nursing* makes it even more apparent that the judgment of the district court should be reversed.

June 2, 2017
Page 2

_____

Respectfully submitted,

/s/ Andrew B. Kay
Andrew B. Kay

*Attorney of Record for Amicus Curiae Financial for Lutherans*

cc:　　Counsel of record (by the Court's electronic filing system)